JOSÉ SERRA GASTAMBIDE, Petitioner and Appellant, *v.* BOARD OF EXAMINERS OF ENGINEERS, ETC., Defendant and Appellee.

No. 5508. Argued December 10, 1931.—Decided July 7, 1932.

L. *Tormes* for appellant.   James R. Beverley, *Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

José Serra Gastambide applied to the Board of Examiners of Engineers, Architects and Surveyors for a license as an architect.   His application was based on subdivision (*b*) of section 9 of the Act of 1927 (Session Laws, p. 186). It was denied.   The district court, after a hearing, refused to issue a writ of mandamus.   The case was decided prior to the publication of the opinions of this Court in *Llovet* v. *Board of Examiners of Engineers, etc.,* 40 P.R.R. 560; *Arán* v. *Board, etc.,* 40 P.R.R. 565; *González* v. *Board, etc.,* 40 P. R.R. 566; *Flores* v. *Board, etc.,* 40 P.R.R. 567; and *Mateo* v. *Board, etc.,* 40 P.R.R. 569.

The affidavit of the applicant, with exhibits attached, was the only evidence before the board.   Section 9 provides that "unless evidence to the contrary exists, the board shall accept the sworn statement in the application as satisfactory evidence that the applicant has practiced the profession of engineering, architecture or surveying for a period of three years."   The theory of the district judge was that the affidavit and exhibits contained all the "evidence to the contrary" required to sustain the action of the board.   It may be that if the plans and specifications referred to in the application and in the letters from the owners of the buildings designed by the applicant had been attached with such letters as exhibits, the conclusion reached by the district judge

would have found ample support therein. See *Mateo v. Board of Examiners, etc. supra.* There is nothing in the record to indicate that the applicant could pass muster as a competent architect before a board of architects. That, however, is not the test prescribed by subdivision (*b*) of section 9 of the law. *Arán v. Board of Examiners, etc. supra.* The documents submitted by the applicant sufficed to establish a prima facie case, and, in the absence of any evidence to the contrary, it became the ministerial duty of the board to issue a license.

The judgment of the district court must be reversed and the case remanded for the issuance of the writ of mandamus.

Mr. Justice Córdova Dávila took no part in the decision of this case.